# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | Chapter 7 |
| **Joseph Ruggiero,** | : | |
| Debtor. | : | Case No.: 19-11385 (JKF) |
| _____ | | |
| **Margery Bruck, as Administratrix of the Estates of Evelyn Kraftsow and William Kraftsow,** | : | |
| Plaintiff, | : | |
| v. | : | |
| **Frankford Plating II, Inc. and Joseph Ruggiero,** | : | |
| and | : | |
| **Gary F. Seitz, Trustee,** | : | |
| Defendants. | : | Adversary No.: 20-00010 (JKF) |
| _____ | | |

## **MEMORANDUM OPINION**

*Introduction*

Before the Court is the Motion of the Defendants Frankford Plating II, Inc. and Joseph Ruggiero to dismiss the amended complaint. The motion is opposed by the Plaintiff. For the reasons which follow, the Motion will be denied.[1]

---

[1] As this matter involves the allowance or disallowance of a claim against the estate it is within this Court's "core" jurisdiction under 28 U.S.C. § 157(b)(2)(B) (listing among "core" proceedings allowance and disallowance of claims against the estate).

*Causes of Action*

The amended complaint is comprised of two counts. Count I constitutes an objection to the Proof of Claim of Defendant Frankford that is in two parts: first, the claim is not entitled to secured status; and second, it should not be allowed even as a general unsecured claim. Count II maintains, in the alternative, that the claim should be equitably subordinated.

*Allegations*

The allegations are as follows: From 1973 until her death in January 1997 Evelyn Kraftsow was the owner of the real property at 2324 Loney Street in Philadelphia (the Property) (¶¶ 23, 25). Her surviving son William owned the Property thereafter until his death in September 2016 (¶¶ 29, 30). On May 25, 2017, a deed to the Property dated November 2009 and purporting to be signed by the late Eveylyn Kraftsow was filed with the Recorder of Deeds in Philadelphia (¶ 34). That deed purported to convey the Property to one Antonio Rossi (*Id.*). The acknowledgement on that deed was forged (¶ 37). In June 2017, a deed purportedly signed by Antonio Rossi conveyed the Property to the Defendant Joseph Ruggiero (¶ 38). The acknowledgment in the deed to Ruggiero states that Evelyn Kraftsow—and not Antonio Rossi—appeared before the notary public (¶ 39) twenty years after her death. After the fraudulent deeds were recorded, the Defendant Frankford, along with one Jonathan Barger, took possession of the Property, renovated it, and rented it out (¶ 6). Sometime after July 2017 Margery Bruck, cousin of the late William Kraftsow, learned of the purported transfers from Evelyn Kraftsow to Antonio Rossi and from Antonio Rossi to Joseph Ruggiero (¶ 43). In August 2017 Ms.

Bruck filed a Complaint to Quiet Title as to the Property in the Philadelphia Court of Common Pleas (¶ 44). In October and December 2017 Ms. Bruck would be appointed Administratrix of the estates of both Evelyn and William Kraftsow (¶¶ 45, 47). In December 2017, Defendant Frankford filed a Mechanic's Lien claim on the Property (¶ 48). Sometime in January/February 2018, the parties filed cross-motions in the Quiet Title action (¶ 57). On the day before the deadline for the Defendants to respond to the Plaintiff's summary judgment motion, Ruggiero commenced this Chapter 7 case (¶ 58).

*Events in the Bankruptcy*

Frankford has filed a secured claim in the amount of $146,292.17. It is for work performed on the Property. *See* Proof of Claim #4. It asserts secured status as a mechanic's lien as defined under Pennsylvania law. The claim prompted the filing of this adversary proceeding. The Defendants now move to dismiss both counts of the amended complaint.

*Standing and the Claim Objection*

Beginning with Count I, the Court was initially unsure of whether the Plaintiff *qua* creditor has standing to object to the claim. A recent decision from the Bankruptcy Court for the Middle District of Pennsylvania frames the issue:

> In a Chapter 7 case, the trustee is generally responsible for reviewing and objecting to claims. Section 704(a)(5) states that a Chapter 7 trustee shall "if a purpose would be served, examine proofs of claim and object to the allowance of any claim that is improper." 11 U.S.C. § 704(a)(5).
>
> [ ] *Further, while the rule states that a "party in interest" may object, the Advisory Committee Note to Rule 3007 explains that " the demands of orderly and expeditious administration have led to a recognition that the*

3

> *right to object is generally exercised by the trustee."* Fed. R. Bankr. P.
> 3007 (Advisory Committee Note 1983). *See Kowal v. Malkemus (In re
> Thompson)* 965 F.2d 1136, 1147 (1st Cir.1992) (holding that the general
> rule is that "the chapter 7 trustee alone may interpose objections to proofs
> of claim"); *Trauner v. Huffman (In re Trusted Net Media Holdings, LLC)*,
> 334 B.R. 470, 475 (Bankr.N.D.Ga.2005) ("The majority of courts have
> ruled that a chapter 7 trustee alone may file objections to proofs of
> claim.") *Contra In re C.P. Hall Co.*, 513 B.R. 540, 544 (Bankr.N.D.Ill.2014)
> (holding that a creditor has an unqualified right under § 502(a) to object to
> another creditor's proof of claim in a Chapter 7 case).
>
> Even courts holding that the Chapter 7 trustee is the proper party in the
> first instance to file objections to claims have granted creditors leave of
> court to file objections if the trustee refuses. *Thompson*, 965 F.2d at
> 1147; *In re Bakke*, 243 B.R. 753, 755 (Bankr.D.Ariz.1999) (ruling that a
> creditor, with leave of court, may object to a proof of claim if the trustee
> refuses to file an objection after a request by the creditor); *Matter of
> Sinclair's Suncoast Seafood, Inc.,* 140 B.R. 588, 592
> (Bankr.M.D.Fla.1992); 4 *Collier on Bankruptcy* ¶502.02[2][d] (Alan N.
> Resnick & Henry J. Sommer eds., 16th ed.). [emphasis added]

*In re Cremo*, 557 B.R. 343, 347 (Bankr. M.D. Pa. 2016). Here, the Trustee has not indicated that he objects to the Plaintiff challenging the Frankford Proof of claim. For that reason, the Court will allow the objection to be pressed by the Plaintiff until the Trustee says otherwise.

*Objection to Claim*

The Plaintiff's objection goes chiefly to the claim of secured status. Plaintiff disputes Frankford's assertion of a mechanic's lien because the law requires the would-be lienholder to be in contractual privity with the property owner. (¶ 82) The owner of the Property at the time of the improvements performed by Frankford was the estate of Evelyn or William Kraftsow, and not either Antonio Rossi or Joseph Ruggiero. (¶ 83) Neither estate representative ever had a contract with Defendant Frankford as to the

4

Property and therefore, Frankford never obtained a right to payment as to the Property. If there was no contractual right to payment, then no lien could attach.

The Court is constrained to agree that privity is a requirement. The Pennsylvania mechanics lien statute provides:

> [e]very improvement and the estate or title of the owner in the property *shall be subject to a lien*, to be perfected as herein provided, for the payment of all *debts due by the owner to the contractor* or by the contractor to any of his subcontractors for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement, …

49 P.S. § 1301 [emphasis added]. The statute further defines "contractor" as "one who, *by contract with the owner*, express or implied," provides the improvement to the subject property. 49 P.S. § 1201(4) [emphasis added]. The Plaintiff alleges that *she* was the owner of the Property and at all times relevant and that she *never contracted* with Frankford for any alleged improvements. So, for that reason, a mechanic's lien cannot arise on the property. *See Bohem v. Seabury*, 21 A. 674, 141 Pa. 594, 597 (1891) (holding that there can be no lien, unless the work was done or materials furnished under contract with the owner, or with someone duly authorized by him; a mere trespasser or volunteer cannot charge the land with a lien). That states a valid objection to Frankford's claim of secured status.

And this result should apply, pleads Plaintiff, not only to the status of the claim but as to the amount as well. Because such claim is based on fraud, equity requires that it be disallowed as a general unsecured claim as well. (¶ 84) Implicit in these allegations is the inability of the Defendant to make out a claim for *quantum meruit* and unjust enrichment that would imbue its claim with facial validity. The elements of such claims

are: "(1) benefits are conferred on one party by another, (2) appreciation of such benefits by the recipient, and (3) the acceptance and retention of these benefits under the circumstances such that it would be inequitable or unjust for the recipient to retain the benefits without payment of value." *In re Nyuyen Vu*, 497 B.R. 462, 464-65 (Bankr.E.D. Pa. 2013). If, as Plaintiff maintains, the Property was fraudulently transferred, the alleged improvements were made without Plaintiff's knowledge or consent, and the Property generated rental income which the Plaintiff did not receive, then it would seem entirely just to deny Frankford any claim for the value of any such alleged improvements. So, in addition to disallowing secured status, the amended complaint sufficiently pleads that the amount of the claim should likewise be disallowed in its entirety.

*Count II – Equitable Subordination*

In the second count, the Plaintiff asks that if the claim of Frankford is not to be recharacterized or disallowed, then it should be at least relegated to junior status under principles of equitable subordination. In that regard, § 510 provides:

> (c) Notwithstanding subsections (a) and (b) of this section, after notice and a hearing, the court may—
>
> (i) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest.

11 U.S.C. § 510(c)(1). The Third Circuit has explained that "[b]efore ordering equitable subordination most courts have required a showing involving the following three elements: (1) the claimant must have engaged in some type of inequitable conduct, (2)

6

the misconduct must have resulted in injury to the creditors or conferred an unfair advantage on the claimant, and (3) equitable subordination of the claim must not be inconsistent with the provisions of the Bankruptcy Code." *Citicorp Venture Capital Ltd. v. Committee of Creditors Holding Unsecured Claims (In re Papercraft Corp.),* 160 F.3d 982, 986–987 (3d Cir.1998) citing *U.S. v. Noland,* 517 U.S. 535, 116 S.Ct. 1524, 134 L.Ed.2d 748 (1996) (describing existing case law as consistent with the three-part test identified in *In re Mobile Steel Co.,* 563 F.2d 692, 700 (5th Cir.1977)).

At least for pleading purposes, the amended complaint meets this standard. It alleges that the Defendants conspired to convey title to property that they did not own on a forged signature (and acknowledgement) to a straw party and then on to the Defendant Ruggiero. When the alleged scheme was revealed to the true owner, the Defendant Frankford asserted a bogus mechanic's lien claim against the Property in order to frustrate their claim. This has deprived the Plaintiff of not only the Property itself, but also rental income which it generated. Subordinating the Defendant's claim to that of the Plaintiff is not only fair but does not contravene any other provision of the Bankruptcy Code. For these reasons, the Court finds that Count II states a claim for equitable subordination of the Frankford claim.

*Defendants' Arguments*
*In Support of Dismissal*

In their Memorandum and Reply, the Defendants offer four reasons why dismissal is warranted. First, it is alleged that the Plaintiff has no claim against Debtor and for that reason cannot be a plaintiff. Mem. at 9. Second, they assert that the claim is time-barred. *Id.* at 11. Third, they contend that the claim is precluded because the

7

Plaintiff was required to bring it in the prior, state court proceeding but failed to do so. *Id.* at 15. Fourth, and similar to the first argument, they maintain that because the Plaintiff sustained no damages she lacks standing to be a plaintiff. *Id.* at 17. Because all of these arguments raise factual matters better suited for summary judgment,[2] they do not affect the legal viability of what the Court has found to be properly pleaded claims.

*Summary*

Nothing in the Defendants' Memorandum or Reply persuades the Court that either count is legally insufficient. To the contrary, both counts state claims which would, if proven, entitle the Plaintiff to relief. For that reason, the Motion to Dismiss will be denied.

An appropriate Order follows.

**BY THE COURT**

**Dated:** June 2, 2020              **HONORABLE JEAN K. FITZSIMON**
                                     **United States Bankruptcy Judge**

---

[2]The Court is aware that while the timeliness challenge is an affirmative defense, it may be raised on a motion to dismiss for failure to state a claim if the defect appears on the face of the pleading. *In re Faust*, 353 B.R. 94, 101 (Bankr. E.D. Pa. 2006). Here, however, the allegation is that the Plaintiff filed suit within one month of learning that she had been defrauded so as far as the complaint relates it, timeliness is not an issue.

Copies to:

<u>Plaintiff's Counsel</u>
Irv Ackelsberg, Esquire
LANGER, GROGAN & DIVER P.C.
1717 Arch Street, Suite 4020
Philadelphia, PA 19103

<u>Defendants' Counsel</u>
Alan B. Kane, Esquire
Law Offices of Alan B. Kane
600 Louis Drive, Suite 201
Warminster, PA 18974

<u>Chapter 7 Trustee</u>
Gary F. Seitz, Esquire
GELLERT SCALI BUSENKELL & BROWN
1628 JFK Blvd, Suite 1901
Philadelphia, PA 19103